UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, # 255623, *a.k.a James Gatewood Blakely, a.k.a. Jimmy G. Blakely*; | ) C/A No. 5:13-3113-MGL-KDW ) ) ) |
| Plaintiff, | ) ) REPORT AND RECOMMENDATION |
| vs. | ) ) |
| Leroy Cartledge, Warden; James Parker, Assoc. Warden; J. McRee, Doctor; Nurse Andrew, Headnurse; Ms. Lee, Classification Dir. at McCormick, and Mr. Rogers, Commissary Supervisor, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This case, filed by the Plaintiff pro se, was originally filed in the South Carolina Court of Commons Pleas in McCormick County. The case number in state court is 2013-CP-35-3576. Defendants filed a Notice of Removal in this court on November 15, 2013, alleging that the state court Complaint contained federal claims that could have been filed in this court. ECF No. 1. This case is before the court for consideration of the propriety of the Notice of Removal and Plaintiff's Motion for Remand. ECF No. 8. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in this pro se case and to submit findings and recommendations to the district judge.[1]

---

[1] The Fourth Circuit has not directly addressed the question of whether consideration of remand is a nondispositive pretrial matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). See *Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review))". At least one published opinion in this district has address this issue and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co.*, 783
(continued...)

In Plaintiff's Motion to Remand, he contends that no federal claims are intended under the state court Complaint, and that he pleaded only state-based claims. He asks that the court remand the case to McCormick County. ECF No. 8. Plaintiff states in his Motion for Remand that, "Plaintiff strongly takes exception to removal. Plaintiff is the master of his complaint and it was not Plaintiff's intending [sic] to raise any federal claims." *Id.*[2] On December 3, 2013, Defendants filed a response opposing Plaintiff's Motion to Remand. ECF No. 13. Defendants note that Plaintiff's Amended Complaint references the Fourth Amendment (page 10) and avers Defendants violated his "United States Constitutional Rights" (page 13). *Id.* (referencing Am. Compl. 10, 13, ECF No. 1-1 at 9, 11). Defendants submit they would agree remand was appropriate if Plaintiff "will agree to dismiss any federal claims[,]" but they "do not want a situation where Plaintiff's state law claims are dismissed and Plaintiff then attempts to file a federal action dealing with the same issues." *Id.* at 1.

The removing party bears the burden of establishing federal jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297-98 (4th Cir. 2008). A defendant may remove a case only if the claim could have been brought in federal court on the basis of federal question jurisdiction or

---

[1](...continued)
F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortgage Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH, 2007 WL 2220403, *3 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering remand). Accordingly, out of an abundance of caution, the undersigned enters this Report and Recommendation for the consideration of the district judge.

[2] Plaintiff's Motion to Remand is deemed to have been filed on November 20, 2013, when he placed the envelope into the mail box at the institution at which he is housed. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). The Clerk of Court filed the Motion in this court on November 22, 2013. ECF No. 8.

diversity jurisdiction. 28 U.S.C. § 1441(b); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), and a certain amount is in controversy under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. As the Fourth Circuit Court of Appeals has explained, "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc*., 187 F.3d 422, 425 (4th Cir. 1999) (internal quotation and citation omitted). In light of the foregoing authority, Defendants bear a heavy burden of proving that this case falls within the court's removal jurisdiction. The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (internal quotation and citations omitted).

Applicable case law and statutory law, including 28 U.S.C. § 1447(c), provides that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993) ("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."). As a result, a federal district court should remand the case to state court if the face of the initial pleadings makes it clear the court lacks subject-matter jurisdiction. *See* 28 § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Ellenburg v. Spartan Motor Chassis, Inc*., 519 F.3d 192, 196 (4th Cir. 2008) (noting the court's remand order for lack of subject-matter-jurisdiction can be entered at any time).

The court has reviewed Plaintiff's state court Complaint and notes it does include minimal allegations including terminology often associated with prison-related federal constitutional-

violations claims under 42 U.S.C. § 1983 ("cruel and unusual punishment" and "due process"). Additionally, Defendants are correct that Plaintiff once refers to violation of his "United States Constitutional Rights." Am. Compl. 13. However, Plaintiff specifically references "the laws of this state" when establishing jurisdiction in the Amended Complaint, and "South Carolina Constitutional Rights" in connection with the alleged violations by Defendants. *See* Am. Compl. 1, 5, 6, 14. As Plaintiff notes in his Motion to Remand, Plaintiff is the master of his complaint, and removal jurisdiction is to be strictly limited. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005); *see also Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st Cir. 2008); *Addison v. Charleston Cnty. Pub. Defenders*, 4:11-2936-CMC-JDA, 2011 WL 6937608, *2 (D.S.C. Dec. 08, 2011).

Plaintiff's attempts to limit his state-court claims to those arising under state law, and his specific claim that only state claims are intended, combined with his one-time passing reference to "United States Constitutional Rights," Am. Compl. 13,[3] convince the court that it is without federal subject matter jurisdiction over this case. In reaching this conclusion, the court notes the similarities between the contents of the first article of the South Carolina Constitution entitled "Declaration of Rights" and the "Bill of Rights" to the United States Constitution.[4]

---

[3] Even if Plaintiff's reference corresponds with amendments to the United States Constitution, a pro se litigant's use of passing references to certain federal constitutional provisions or of words commonly associated with certain federal claims does not automatically mean that federal claims are intended when other aspects of a state court pleading implicate only state court claims. *See generally Addison*, 2011 WL 6937608, *2 (*citing McBrearty v. Ky. Comty., Tech. Coll. Sys.*, No. CIV. A. 06–CV–197KSF, 2006 WL 2583375, *6 (E.D. Ky. Sept.7, 2006) ("Where a plaintiff chooses to assert only state law claims, re-characterizing it as a federal claim is generally prohibited.")).

[4] The "rights: listed in the South Carolina Constitution are not called "amendments;" however, the language used and the order in which they are listed is similar to that used in the
(continued...)

**<u>Recommendation</u>**

For the foregoing reasons, it is recommended that Plaintiff's Motion to Remand, ECF No. 8, be granted and this matter be remanded to the Court of Common Pleas for McCormick County without prejudice to Defendants' rights to file responses to any of Plaintiff's filings in the state court.[5]

As this is a recommendation, the Office of the Clerk of Court shall not immediately certify this Order to the Court of Common Pleas for McCormick County. If both parties in this case fail to file written objections to this Report and Recommendation within 14 days after this document is filed, or, if either party files written objections to this Report and Recommendation within 14 days after this document is filed, the Office of the Clerk of Court, at the end of the 14-day period, shall forward the case file and any objections to a United States District Judge for a final disposition.

IT IS SO RECOMMENDED.

*[signature]*

December 6, 2013                                                                                    Kaymani D. West
Florence, South Carolina                                                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[4](...continued)
United States Constitution's "Bill of Rights."

[5] As it is recommended this matter be remanded for lack of subject-matter jurisdiction, the undersigned offers no proposed recommendation as to Defendants' suggestion that they would consent to remand if Plaintiff would dismiss any federal claims against them. ECF No. 13 at 1. The undersigned again notes Plaintiff's specific representation to the court that he raises no federal claims in his Amended Complaint and that it was not his intention to raise any federal issues. ECF No. 8 at 1.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).